IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2022

**BREYON BATES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-19-314          Roy B. Morgan, Jr., Judge**
_____

**No. W2021-01293-CCA-R3-PC**
_____

The Petitioner, Breyon Bates, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he received effective assistance of trial counsel.  Based on our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR. J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Breyon Bates.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 2017, the Petitioner was convicted by a Madison County Circuit Court jury of possession of .5 grams or more of cocaine with the intent to deliver, simple possession of cocaine, resisting arrest, and criminal impersonation.  After merging the simple possession of cocaine count into the Class B felony count of possession with intent to deliver, the trial court sentenced the Petitioner as a Range II, multiple offender to an effective term of eighteen years in the Tennessee Department of Correction, to be served consecutively to the sentence for an offense for which the Petitioner was on probation at the time he committed the above offenses.  This court affirmed the convictions on direct appeal, and

our supreme court subsequently denied the Petitioner's application for permission to appeal after the post-conviction court granted the Petitioner a delayed appeal. *State v. Breyon Bates*, No. W2017-01930-CCA-R3-CD, 2018 WL 6266273, at *1 (Tenn. Crim. App. Nov. 29, 2018), *perm. app. denied* (Tenn. Apr. 8, 2021).

Our direct appeal opinion provides the following overview of the case:

> On the afternoon of July 2, 2016, officers with the Jackson Police Department were dispatched to a local Kmart store in response to a reported sighting of the [Petitioner], who had an active warrant for his arrest. The [Petitioner] provided a false name and date of birth to the officer who first approached him and ran from another officer who was trying to detain him before a third officer tackled him to the ground. At the time of his arrest, the [Petitioner] had a plastic sandwich bag containing two separate sandwich bags of powder cocaine and $330 in cash. The Madison County Grand Jury subsequently indicted the [Petitioner] for possession of .5 grams or more of cocaine with the intent to sell, possession of .5 grams or more of cocaine with the intent to deliver, resisting arrest, and criminal impersonation.

*Id.*

The State's witnesses at trial consisted of: two of the police officers involved in the Petitioner's arrest, both of whom testified that they found a bag of white powder on the Petitioner; the Tennessee Bureau of Investigation ("TBI") forensic chemist who analyzed the powder, who testified that it was contained in two separate plastic bags inside a third plastic bag and that she determined that the first bag consisted of 2.94 grams of cocaine and the second bag of 3.99 grams of a similar-looking powder; and a sergeant with the Madison County Metro Narcotics Unit, who explained the difference between a casual user and a drug dealer and the range in street value of 6.93 grams of cocaine. *Id.* at *1-2. The TBI forensic chemist explained in her testimony that she did not test the 3.99 grams of powder in the second plastic bag "because the powder in the first bag was of a sufficient weight to meet the requirement for the offense under Tennessee law." *Id.* at *2.

On December 6, 2019, the Petitioner filed a pro se petition for post-conviction relief, followed by two amended petitions after the appointment of post-conviction counsel. In his original and amended petitions, the Petitioner alleged that his trial counsel was ineffective for, among other things: failing to object to the introduction of the second bag of powder, which had not been "submitted for scientific testing"; failing to point out to the jury the inconsistent testimony about the number of bags of contraband found on the Petitioner and their weight; failing to retain the services of an investigator; and failing to object to improper jury instructions.

At the evidentiary hearing, the Petitioner testified that "[t]he initial statement in the officer's report only listed one bag, and it weighed a certain amount, . . . but at trial it was two bags presented and the weight . . . was completely different[.]" The Petitioner said that trial counsel failed to point out the discrepancy to the jury. According to the Petitioner, trial counsel also failed to object to the admission of the second bag or even to question the TBI agent about her failure to submit it to testing.

The Petitioner additionally complained that trial counsel failed to attack the credibility of witnesses, failed to object to hearsay testimony by his former probation officer that he told the probation officer that he sold drugs, and failed to raise an objection to jury instructions. With respect to the jury instructions, he explained that the jury expressed confusion about count two, which charged him with possession with intent to deliver. According to the Petitioner, count two was "in essence . . . the same charge" as count one and he was "taken aback" that trial counsel "never, ever questioned them or wanted to further understand [what the jury] didn't understand about the charge[.]"

The Petitioner also expressed his belief that trial counsel should have hired an investigator to investigate the backgrounds of the witnesses and to assist trial counsel in developing a defense. The Petitioner stated that an investigator "would have noticed . . . that [the Petitioner] was on probation and . . . failing drug tests" and would therefore have been able to advise the jury that the Petitioner had a substance abuse problem.

On cross-examination, the Petitioner acknowledged that he never brought up the separate bags of powder during his testimony but said he thought it was trial counsel's duty to do so. He agreed that the police officer's report reflected the weight of the powder as 8.9 grams, whereas the TBI agent's report reflected it as a lesser amount of 6.9 grams. He said he was unaware that the weight reflected in a police officer's report sometimes includes the weight of the packaging.

Trial counsel, the Madison County District Public Defender, testified that he was an assistant district public defender at the time of the Petitioner's case and was appointed to represent him. He said he had reviewed the police officer's narrative and it appeared that the officer referenced one bag of suspected cocaine weighing 8.99 grams. Trial counsel said that he believed the bag may have been split into two bags at the TBI laboratory, or it may have been in two bags originally. Regardless, the TBI agent would have explained it in her testimony.

Trial counsel recalled that during deliberations the jury sent a note to the trial court asking for clarification with respect to counts one and two. He did not recall the trial court's specific response but assumed it was an instruction to the jury to look again at the definitions in the jury instructions that had already been provided.

Trial counsel testified that, in hindsight, he would not have called the probation officer as a defense witness. He said the Petitioner wanted her called in his defense and that she did, in fact, testify that the Petitioner had tested positive for cocaine, which was consistent with their defense theory that the Petitioner possessed the drugs for his personal use. However, she also provided damaging testimony that the Petitioner bragged to her about selling drugs and about buying expensive shoes.

On cross-examination, trial counsel testified that he was appointed at the Petitioner's arraignment and took full advantage of the State's open file discovery policy. He said he reviewed the discovery with the Petitioner and the defense theory that the Petitioner possessed the drugs solely for his personal use. He agreed that calling the Petitioner's former probation officer as a witness made it obvious that the Petitioner had a criminal history. He said he discussed those implications with the Petitioner, but the Petitioner was insistent that he wanted her as a defense witness. Finally, he testified that the TBI agent explained to the jury why she tested only one of the bags of white powder.

At the conclusion of the hearing, the post-conviction court issued extensive oral findings of fact and conclusions of law, followed by a written order, in which it denied the petition on the basis that the Petitioner failed to meet his burden of proving his allegations of ineffective assistance of counsel by clear and convincing evidence. Thereafter, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in denying his petition, arguing that he presented proof that trial counsel was deficient in his representation and that counsel's deficiencies prejudiced his defense. The State responds by arguing that the post-conviction court properly denied the petition because the Petitioner failed to meet his burden of demonstrating that he was deprived of the effective assistance of counsel. We agree with the State.

Post-conviction "relief shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petitioner bears the burden of proving factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. *See Wiley v. State*, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. *Id.* However, review of a post-conviction court's application of the law

to the facts of the case is *de novo*, with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. *See Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts, however, need not approach the *Strickland* test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In denying the petition, the post-conviction court found, among other things: that there was nothing objectionable in the jury instructions, as the State properly charged the Petitioner with the first two counts of the indictment based on alternate theories of the offense; that the Petitioner failed to present any evidence to show that trial counsel's alleged failure to raise objections at trial or to adequately cross-examine witnesses prejudiced the defense; that the Petitioner failed to show that an investigator would have aided his defense; and that the discrepancy in the weight of the drugs and the number of plastic bags in which they were packaged was brought out at trial, despite the Petitioner's claim that trial counsel was ineffective for not pointing it out to the jury.

The record fully supports the findings and conclusions of the post-conviction court. As the post-conviction court noted in its oral findings, the Petitioner was able to present his defense that he possessed the drugs strictly for personal use but the jury, by its verdict, obviously did not credit his testimony. We agree with the post-conviction court that the Petitioner failed to show how any of his cited alleged deficiencies in trial counsel's performance prejudiced the outcome of his case. Accordingly, we affirm the denial of the petition for post-conviction relief.

## **CONCLUSION**

Based on our review, we affirm the judgment of the post-conviction court.

_____
JOHN W. CAMPBELL, SR., JUDGE